UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CATHERINE STRUMBOS,

        Plaintiff,

v                                  Case No.
                                  Hon.

DELTA AIR LINES, INC.   and
KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V.
a/k/a KLM ROYAL DUTCH AIRLINES,

        Defendants.
_____/
PAUL F. DOHERTY (P36579)
JASON B. BROWN (P79226)
VEN R. JOHNSON (P39219)
**JOHNSON LAW, PLC**
Attorneys for Plaintiff
535 Griswold St., Ste. 2632
Detroit, MI  48226
(313) 324-8300
pdoherty@venjohnsonlaw.com
jbrown@venjohnsonlaw.com
_____/

**COMPLAINT AND JURY DEMAND**

     Plaintiff, Catherine Strumbos, through counsel, Johnson Law, PLC, states for her Complaint as follows:

1. Plaintiff Cate Strumbos is a citizen of Michigan and resides in this district.

2. Defendant Delta Air Lines, Inc. ("Delta") is a Delaware corporation which does continuous and systematic business in Michigan generally and specifically

1

within this district; Delta is a common carrier and is in the business of operating and maintaining commercial aircraft and providing travel for hire out of a terminal located at Detroit Metropolitan Wayne County Airport ("DTW").

3. Defendant Koninklijke Luchtvaart Maatschappij N.V. a/k/a KLM Royal Dutch Airlines ("KLM") is a foreign corporation which does continuous and systematic business in Michigan generally and specifically within this district; KLM is a common carrier and is in the business of operating and maintaining commercial aircraft and providing travel for hire out of a terminal located at DTW.

4. This Court has subject matter jurisdiction over this case pursuant to USC § 1331 because Plaintiff's cause of action is predicated upon an international treaty signed onto and ratified by the United States of America, Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air (hereinafter the "Montreal Convention").

5. Venue in the Eastern District of Michigan is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events and/or omissions giving rise to the claims as alleged herein occurred in this District; Plaintiff resides in this district and/or Defendants are otherwise subject to personal jurisdiction in this District given their systematic and continuous business activities within this district.

6. Prior to May 27, 2019, a ticket for air travel was purchased on behalf of Plaintiff through Defendant Delta for round-trip travel from DTW, final destination Valencia Spain ("VLC"), with a stop in Amsterdam, Netherlands ("AMS").

7. Plaintiff departed DTW on May 27, 2019, bound for AMS on a Delta plane; once in Amsterdam (arrival on May 28, 2019), Plaintiff boarded a plane operated by, upon information and belief, KLM, for the flight to Valencia, Flight No. 9485.

8. On the flight from Amsterdam to Valencia, and while attempting to walk to a lavatory, Plaintiff tripped on obstructions in the aisle and sustained injuries, including broken bones in right her feet.  Hereinafter "the incident."

## COUNT I
## STRICT LIABILITY - MONTREAL CONVENTION

9. Plaintiff incorporates by reference paragraphs 1 through 8 above.

10. Defendants, and each of them, are liable for the injuries and damages sustained by Plaintiff in the incident pursuant to Article 17(1) of the Montreal Convention which provides: "The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft…."

11. As a direct and proximate result of the incident, Plaintiff sustained serious and permanent bodily injuries including, but not limited to:

   a. fracture of several bones in her right foot;
   b. physical pain and suffering;
   c. mental anguish;

    d. denial of social pleasures and enjoyment;
    e. expenses for necessary medical care, treatment and services;
    f. wage loss past and future; and
    g. all other damages learned through the course of discovery and recoverable under Michigan law.

## COUNT II – NEGLIGENCE

12. Plaintiff incorporates by reference paragraphs 1 through 11 above.

13. Defendants, and each of them, owed Plaintiff to keep the aisles clear and reasonably safe to traverse.

14. Defendants breached this obligation and as a direct and proximate result, the aisle was not safe to traverse.

15. As a direct, proximate and foreseeable result, Plaintiff fell and sustained those damages stated herein.

WHEREFORE, Plaintiff requests a judgment against Defendants, and each of them, in whatever amount she is found to be entitled, together with interest, costs and attorney fees.

    Respectfully submitted,
    **JOHNSON LAW PLC**

    By: */s/ Paul F. Doherty*
    Paul F. Doherty (P36579)
    Jason B. Brown (P79226)
    Ven R. Johnson (P39219)
    Attorneys for Plaintiffs

## **JURY DEMAND**

Plaintiff requests a trial by jury.

                        Respectfully submitted,
                        **JOHNSON LAW PLC**

                        By: */s/ Paul F. Doherty*
                        Paul F. Doherty (P36579)
                        Jason B. Brown (P79226)
                        Ven R. Johnson (P39219)
                        Attorneys for Plaintiffs